THE STATE *against* ZACCUR PRALL.

An order of filiation is a judicial act, and must be executed by the justices jointly and not separately. Therefore an order of filiation though agreed upon when the justices were together, yet if it was signed by them separately, and in the absence of each other, will be quashed.

On a *certiorari* to justices and overseers removing an order of filiation and maintenance—the justices in answer to a rule on them, for that purpose, certified " that they met

The State *v.* Prall.

and agreed on the sum of sixty-two and a half cents to be paid by the father, and thirty-seven and a half cents by the mother, in case she should not take care of the child herself, and made a rough draft of the order, but could not say whether they signed it or not; one of the justices took it home with him, and from it drew the order now sent up, and signed it himself, and forwarded it to the other justice, who also signed it, and forwarded it to the overseer of the poor; that the said justices signed it separately in the absence of each other; that in drawing this order a mistake was made by inserting sixty-seven and a half, instead of sixty-two and a half cents, for the father to pay, which mistake was afterwards discovered and corrected; the justice who drew the order and made the correction thought they were together when it was corrected; the other justice thought it was likely they were together."

*Saxton*, for the defendant, moved to quash the order, and insisted, that the making of the order, was a judicial act delegated to two justices, by the statute; that they must execute it jointly; that the signing of the order by one in the absence of the other was erroneous. 1 *Cox, N. J. Rep.*

EWING, C. J. The statute has authorized two justices to take examinations and make orders of filiation and maintenance. The authority given by the statute must be strictly pursued. The making of the order is a judicial act, and must be executed by the justices jointly, and not separately, as the cases referred to fully proved. Although the justices met, and agreed on the sum, yet it was necessary they should be together and act jointly in every part of the duty assigned them, until they had completely executed their authority, by signing the order. The order before us having been signed by each justice in the absence of the other is erroneous, and must be quashed. It appears, also, that in the order as signed, and delivered to the overseer of

the poor, an error was committed by inserting sixty-seven, instead of sixty-two and a half cents, which was afterwards corrected. The justices think it likely they were together when this correction was made. This circumstance does not alter the law, but rather proves the wisdom of the rule requiring a joint execution of the authority, for if the justices had been together at the time the order was signed, this mistake in all probability would not have been made.

Let the order be quashed.